UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No. 1:21-cr-20081

v.                                                            Honorable Thomas L. Ludington
                                                                     United States District Judge

DECORION JACKSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Decorion Jackson seeks to reduce his 87-month sentence under Amendment 821 to the United States Sentencing Commission's Sentencing Guidelines. As explained below, Defendant is not entitled to a reduced sentence. As a result, his Motion for a Sentence Reduction will be denied.

**I.**

In May 2021, Defendant Decorion Jackson pleaded guilty to (1) being a felon in possession of a firearm, violating 18 U.S.C. § 922(g), and (2) possessing a firearm while committing a drug trafficking crime, violating 18 U.S.C. § 924(c). ECF No. 17. On September 1, 2021, this Court sentenced Defendant to a total of 87 months of imprisonment, followed by three years of supervised release. ECF No. 28 at PageID.133–34. On June 27, 2025, Defendant filed a *pro se* motion seeking a sentence reduction under the 2023 Criminal History Amendment to the United States Sentencing Commission's Sentencing Guidelines, commonly referred to as "Amendment 821." ECF No. 34.

## II.

Amendment 821 took effect on November 1, 2023. *See Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment (last visited July 25, 2025) [https://perma.cc/4XU9-DJUP]. In part, Amendment 821 alters the application of the Guidelines for certain offenders who either (A) earned criminal history "status points" by committing the instant offense while serving another sentence ("Part A"); or (B) had zero criminal history points at the time of sentencing ("Part B"). *2023 Amendments in Brief*, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-inbrief/AIB_821R.pdf (last visited Dec. 12, 2024) [https://perma.cc/SA8N-ZFG7].

Before Amendment 821, U.S.S.G. § 4A1.1(e) provided that a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," would receive two additional criminal history status points. *Id.* Part A of Amendment 821 amended § 4A1.1 so that (1) a defendant who had six or fewer criminal history points would receive *no* additional criminal history points for committing an offense while under sentence; and (2) a defendant who had seven or more criminal history points would receive only *one* additional criminal history point for committing an offense while under sentence. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 added a section to the Guidelines that reduces a defendant's offense level by two if the defendant has zero criminal history points and none of the nine specific aggravating factors apply.[1] U.S.S.G. § 4C1.1(a).

---

[1] A defendant's offense level will be reduced by two points only if (1) the defendant has no criminal history points; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4)

On August 24, 2023, the Sentencing Commission voted that Parts A and B of Amendment 821 would apply retroactively to incarcerated individuals. *2023 Amendments in Brief: Retroactivity*, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-inbrief/AIB_821R.pdf (last visited Dec. 12, 2024) [https://perma.cc/SA8N-ZFG7]. But to give courts, probation officers, and the Bureau of Prisons time to process forthcoming motions filed by current inmates who may be entitled to a sentence reduction under Amendment 821, the Sentencing Commission also decided that retroactive application of Amendment 821 would not take effect until February 1, 2024. *See id.*

In response, the Eastern District of Michigan Federal Probation Department and the Eastern District of Michigan Federal Community Defender's Office created a protocol for reviewing sentence-reduction eligibility under 18 U.S.C § 3582(c) and Amendment 821. The protocol provides that the Probation Department, United States Attorney's Office, and Federal Community Defender's Office will jointly screen all current inmates for reduction eligibility and review all *pro se* motions for sentence reduction filed by inmates. The Probation Department first completes and files a U.S.S.G §1B1.10 report and memorandum explaining whether the specific inmate is eligible for sentence reduction under Amendment 821 (a "Reduction Report"). Once the Reduction Report is filed, Counsel for the Government and Defense Counsel have three weeks to file any objections.

---

the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* U.S.S.G. § 41C.1(a).

## III.

The Probation Department filed its Reduction Report on July 25, 2025, and concluded that Defendant is not eligible for a sentence reduction under Amendment 821. ECF Nos. 39 (sealed); 40. First, the Department assessed Defendant's sentence under Part A of Amendment 821. The Department observed that Defendant received ten base criminal history points and two "status points" at sentencing, totaling twelve criminal history points and placing him in Criminal History Category V. ECF No. 40 at PageID.170 (citing PSR ¶¶ 39–40); *accord* ECF No. 22 (sealed) at PageID.74, 80–81. And the Department noted that although Part A of Amendment 821 removes one status point and reduces Defendant's total criminal history points to eleven, he would still fall into Criminal History Category V. ECF No. 40 at PageID.170. Thus, the Department concluded that even with one fewer criminal history point, Defendant is not entitled to a sentence reduction under Part A. *Id.* Second, the Department concluded that Defendant is not eligible for a sentence reduction under Part B of Amendment 821: Defendant received ten base criminal history points at sentencing—meaning he received "criminal history points from Chapter 4, Part A" of the Sentencing Guidelines—thus precluding a Part B reduction. *Id.* at PageID.171 (citing U.S.S.G. § 4C1.1(a)).

Neither the Government nor Defendant objected to the Probation Department's Reduction Report. And there is no error in the Probation Department's Reduction Report. So Defendant's Motion for a Sentence Reduction, ECF No. 34, will be denied.

Accordingly, it is **ORDERED** that Defendant Decorion Jackson's Motion for Sentence Reduction, ECF No. 34, is **DENIED.**

Dated: August 20, 2025　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge